## No. XXIX.

### LEE MORRIS v. ASHLEY AND COLIN McKINNEY.

*Appeal from Bowie County.*

MORRIS, JUSTICE.—The plaintiff below, who is the appellant in this court, filed his bill, averring that in the year 1835 he came to the county of Red River, in the Republic of Texas; occupied, improved and cultivated a piece of land in that portion of said county known now as the county of Bowie; that he continued to occupy and cultivate or cause to be cultivated said land from that period until the year 1842, and that he is still in possession of the same; that he has obtained a certificate from the board of land commissioners, organized under the laws of this Republic, for one-third of a league of land as a single man, and that under the Constitution and laws of the Republic he is entitled to have the same located and surveyed, so as to include his said improvements; that he has agreed on conditional lines with certain individuals (naming them) as the boundaries of said survey. But that Colin and Ashley McKinney, combining together fraudulently to injure him, set up a claim to said land, by virtue of fraudulent surveys made on two certain fraudulent certificates, purporting to have been issued by one Benjamin R. Milam, under and by authority of the Mexican government, to the said McKinneys. That the said surveys cover all the land claimed by

Hunt v. Robinson, 1 T., 748; Robbins v. Robbins, 3 T., 496; Spillers v. Clapp, 3 T., 498; Desmuke v. Griffin, 10 T., 113; Emmons v. Oldham, 12 T., 18; Box v. Lawrence, 14 T., 545; Flanikin v. Fokes, 15 T., 180; Clay v. Cook, 16 T., 70; Soye v. McCallister, 18 T., 80; Atkinson v. Bell, 18 T., 474; Causici v. La Coste, 20 T., 269; Williams v. Chandler, 25 T., 4; Clay v. Clay, 26 T., 24; Ledyard v. Brown, 27 T., 393; Clay v. Clay, 35 T., 509; Jones v. Huff, 36 T., 678; Holmes v. Johns, 56 T., 41; Cook v. Lindsey, 57 T., 67; Grant v. Wallis, 60 T.,

petitioner, a conditional line having been agreed upon by the McKinneys, dividing the land in two parts; and that the said McKinneys are endeavoring to procure patents for the same from the Commissioner of the General Land Office. He therefore prays that they be made parties defendant to his bill; that an injunction issue restraining them from further proceedings; that they be required to set forth what right, title or claim they have to this land; and that the petitioner's right to a location and survey of the same be adjudicated and established.

On this petition an injunction was ordered by the judge below. The defendants were regularly summoned and appeared and answered by filing a general demurrer, with special causes assigned, and also an answer to the merits. The demurrer was sustained in the court below and judgment entered up, dissolving the injunction and dismissing the petition; from which judgment an appeal was taken to this court.

The grounds of demurrer are:

1. That the plaintiff has no cause of action whatever.

2. Multifariousness in the petition; in the joinder of two several causes of action, which should have formed the basis of separate and distinct actions at law.

3. Improper joinder of defendants; no joint interest having been alleged in them to the land claimed by plaintiff.

We will direct our attention to the two latter grounds of demurrer alone, they having been the only points relied on by counsel for a reversal or affirmance of the judgment below. And these two are so closely allied, that the decision of one almost by necessity involves that of the other. On the subject of multifariousness, we can only arrive at correct conclusions by applying the general principles, established by various authorities, to the particular case under consideration, and determining therefrom whether there is such a misjoinder in parties, either as to interest or person, as would warrant the court in sustaining an exception on that ground. In 2 Maddock, page 294, it is laid down, "that the courts will not permit a plaintiff to demand by one bill several matters of different natures against several defendants;" and the reason given for this rule is the plain and obvious one, that thereby costs might unjustly and onerously accumulate against a party by the delay incident to the adjudication of the rights of a codefendant with whom he was in no way interested.

In Comyn's Digest, 7, B. Chancery, page 2, the principle is expressed, that all interested in the "demand" ought 'to be parties in equity; and in examining the various expressions of various judges and authors on this subject, we might probably arrive at the general principle, as laid

---

350; Brown v. Simpson, 67 T., 225; Sideck v. Duran, 67 T., 256; Houston v. Killough, 80 T., 296; Baldwin v. Goldfrank, 9 T. C. A., 269; Clay v. Clay, 2 U. C., 357; Buchanan v. Park (T. C. A.), U. R. C., 1896. Sale was sufficient consideration for a new contract and could be ratified after removal of prohibition. Hunt v. Turner, 9 T., 385; Burleson v. Burleson, 11 T., 2; Atkinson v. Bell, 18 T., 474; Clay v. Clay, 35 T., 509; Jones v. Huff, 36 T., 678; Grant v. Wallis, 60 T., 350; Williams v. Wilson, 76 T., 69; Sewell v. Laurence, 2 U. C., 376. Colonists could alienate at expiration of six years. Desmuke v. Griffin,

down by Calvert on Parties, page 6, chapter 1, section 1, "that all interested in the object of the suit should be parties." In the case of the Mayor of York v. Pilkington a general right of fishing was established against many persons, unconnected and claiming several and distinct rights therein; on the principle, "that there was one common interest in all the parties defendant, centering in the point in issue." Apply these principles to the case under consideration. The "object" of the suit is to establish the plaintiff's right to an entire tract of land; parts of which "entirely" are claimed by defendants. The point in issue is the correctness of the *plaintiff's claim;* and a common interest, on the part of the defendants, center in that point. The decree of the court, establishing that right for the plaintiff, could be given without embarrassment or difficulty, and multiplicity of actions, which is abhorrent to the principles of equity, avoided. We can therefore have but little difficulty in arriving at the conclusion that the parties are properly joined, and that the judge below erred in sustaining the demurrer.

It is ordered, decreed and adjudged, that the judgment in the court below be annulled and reversed; that the demurrer be overruled and the cause remanded to proceed upon the merits.

*Reversed and remanded.*